Opinion for the court filed by Circuit Judge MOORE. Opinion concurring specially in the judgment filed by Circuit Judge REYNA.
MOORE, Circuit Judge.
Shaw Industries Group, Inc. appeals from the United States Patent and Trademark Office’s (“PTO”) Patent Trial and Appeal Board’s (“Board”) final written decision in consolidated inter partes reviews (“IPR”) of claims 1-21 of U.S. Patent No. 7,806,360. Shaw also petitions for writ of mandamus. Automated Creel Systems (“ACS”) cross-appeals. We affirm-in-part, vacate-in-part, and remand. We deny Shaw’s petition for writ.
Background
ACS is the owner of the '360 patent, which relates to “creels” for supplying yam and other stranded materials to a manufacturing process. '360 patent, col. 1, 11. 14-17. An exemplary creel supply system of the patent comprises creel magazines with a stationary frame and two movable carts. Id. at figs. 1, 12; col. 3,11. 18-19, 59-61. The carts carry multiple levels of spools (or packages) of stranded material that can be routed using guides. Id. at col. 3, 11. 62-63. Continuous runtime can be achieved by (1) tying the material from various packages together, and (2) replenishing empty packages on one cart while packages on the opposite cart are used. Id. at col. 8,11. 32-41; col. 9,1. 64 to col. 10, 1.16; col. 11,1.1 to col. 12,1.16.
Claims 1-5, 8-12, 14, 19, and 20 (“the non-interposing claims”) involve creel magazines with two packages of stranded ma *1296 terial at each level. They allow for transfer of stranded material from one package to another across the frame. For example, claim 5 recites:
5. A creel magazine for feeding stranded material to a manufacturing process comprising:
a magazine having a stationary magazine frame comprising a common guide for said stranded material; a first and a second removable cartridge positioned adjacent said magazine frame on respective opposite sides of said magazine frame, said first removable cartridge having at least one support arm supporting an active package of stranded material thereon;
said second removable cartridge having at least one support arm supporting a ready package of stranded material thereon wherein a trailing end of said stranded material carried by said active package is connected to a leading end of said stranded material carried by said ready package; wherein said common guide is an annular turning surface and said stranded material is sequentially fed to said common guide from said active package then from said ready package.
Claims 6, 7, 13, 15-18, and 21 (“the interposing claims”) involve creel magazines with more than two packages of stranded material at each level. They allow for transfer of stranded material from one package to another across the frame (like the non-interposing claims), as well as on the same side of the frame. . For example, claim 6 recites:
6. The creel magazine of claim 5, further comprising an additional support arm supported adjacent to said at least one support arm for supporting an additional ready package on said removable cartridge, to be selectively interposed between said active package and said ready package on said second removable cartridge to feed said stranded material.
In February 2012, ACS sued Shaw for infringement of the '360 patent in the U.S. District Court for the Northern District of Georgiá. Automated Creel Sys., Inc. v. Shaw Indus. Grp., Inc., No. 1:12-cv-00424-RWS (N.D.Ga.2012). ACS voluntarily dismissed the suit without prejudice. Within one year of service of the complaint, see 35 U.S.C. § 315(b), Shaw petitioned for IPR of all twenty-one of the '360 patent claims. Shaw proposed fifteen grounds of rejection. Most of the grounds were directed to the non-interposing claims. There were only three grounds directed at the interposing claims: (1) ground 3, alleging that all of the interposing claims would have been obvious over German Patent Application Publication DE 3429153 A1 (“Munnekehoff’) in view of U.S. Patent No. 5,624,082 (“Ligón”); (2) ground 8, alleging that all of the interposing claims would have been obvious over German Patent DE 7413531 (“Barmag”) in view of Ligón; and (3) ground 11, alleging that all of the interposing claims were anticipated by U.S. Patent No. 4,515,328 (“Payne”) (“the Payne-based ground”). The Board instituted IPR on all claims except claim 4.[1] It did not, however, institute IPR on all fifteen grounds argued by Shaw. With regard to the interposing claims, the Board instituted IPR on the grounds that these claims would have been obvious over Munnekehoff or Barmag in view of Ligón (grounds 3 and 8, respectively). Shaw Indus. Grp., Inc. v. Automated *1297 Creel Sys., Inc., No. IPR2013-00132, 2013 WL 8563792 (P.T.A.B. July 25, 2013) (“First Institution Decision”). The Board denied Shaw’s petition on ¿he Payne-based ground. The Board explained that the Payne-based ground was “denied as redundant in light of [its] determination that there is a reasonable likelihood that the challenged claims are unpatentable based on the grounds of unpatentability on which we institute an inter partes review.” Id. at *20 (citing 37 C.F.R. § 42.108). There were no substantive determinations of the Payne-based ground in the Board decision.
In September 2013 (over one year after service of the complaint), Shaw filed a second petition, requesting IPR of claim 4. The Board instituted IPR based on two of the six grounds proposed by Shaw — alleged obviousness over Munnekehoff in view of U.S. Patent No.' 4,572,458 (“Bluhm”) (ground 3) and alleged obviousness over Barmag in view of Bluhm (ground 6). Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc., No. IPR2013-00584, 2013 WL 8595536 (P.T.A.B. Dec. 81, 2013) (“Second Institution Decision”). It denied the other proposed grounds, writing that it “exercise[d] [its] discretion under 37 C.F.R. § 42.108 to institute an inter partes review based solely on the asserted grounds directed to combinations with Bluhm and deny the remaining grounds as redundant.” Id. at *12-13. It rejected ACS’s argument that 35 U.S.C. § 315(b) precluded it from instituting IPR. It determined that because ACS had voluntarily dismissed the suit without prejudice, it “nullified] the effect of the alleged service of the complaint on Petitioner.” Id. at *6.
The two IPRs proceeded in parallel. The Board then consolidated them and issued one final written decision, Concluding that Shaw (1) had not shown by a preponderance of the evidence that the interposing claims were unpatentable based on the instituted grounds, and (2) had shown by a preponderance of the evidence that the non-interposing claims (including claim 4) were unpatentable based on the instituted grounds. Shaw Indus. Group, Inc. v. Automated, Creel Sys., Inc., Nos. IPR2013-00132, IPR2013-00584, 2014 WL 3725531 (P.T.A.B. July 24, 2014) (“Final Decision”). Shaw appeals as to the interposing claims and ACS appeals as to claim 4. The PTO submitted a brief (“PTO Br.”) and presented oral argument as intervenor. See 35 U.S.C. § 143.
DISCUSSION
I. Shaw’s Appeal and Petition foe Writ
A
Under 28 U.S.C. § 1295(a)(4), we have jurisdiction to review the Board’s final written decisions in IPRs. St. Jude Med., Cardiology Div., Inc. v. Volcano Corp., 749 F.3d 1373, 1376 (Fed.Cir.2014); see also 35 U.S.C. § 141(c) (“A party to an inter partes review who is dissatisfied with the final written decision of the Patent Trial and Appeal Board under section 318(a) or 328(a) may appeal the Board’s decision only to the United States Court of Appeals for the Federal Circuit.”); id. § 319 (“A party dissatisfied with the final written decision of the Patent Trial and Appeal Board under section 318(a) may appeal the decision pursuant to sections 141 through 144.”). We lack jurisdiction, however, to review the Board’s decisions instituting or denying IPR. St. Jude, 749 F.3d at 1376; see also 35 U.S.C. § 314(d) (“The determination by the[1] Director whether to institute an inter partes review under this section shall be final and nonappealable.”). This is true regardless of whether the Board has issued a final written decision. In re Cuozzo Speed Techs., LLC, 793 F.3d 1268, 1273 (Fed.Cir.2015), cert. granted sub nom. Cuozzo Speed *1298 Techs., LLC v. Lee, — U.S. -, 136 S.Ct. 890, 193 L.Ed.2d 783 (2016).
■ Shaw argues we have jurisdiction to review the Board’s'final written decision, including its decision not to consider the Payne-based ground as redundant. Appellant’s Opening Br. 58. It argues that § 314(d) is inapplicable because it is not seeking review of the Board’s institution decision, but rather asking us “to review the Board’s authority, and correctness in exercising the same, in deeming a subset of asserted grounds redundant of instituted grounds.” Appellant’s Reply Br, 65. It argues that “whether the Board can deem grounds ‘redundant,’ and whether the Board properly exercised that authority, is not a decision whether to institute.” Id.
We disagree. As we recently explained,, Congress authorized the PTO to prescribe regulations regarding institution and governance of inter partes reviews. Harmonic Inc. v. Avid Tech., Inc., No. 15-1072, 815 F.3d 1356, 1367-38, 2016 WL 798192, at *8 (Fed.Cir. Mar. 1, 2016). The PTO exercised this authority in promulgating 37 C.F.R. § 42.108, which allows the Board to .institute IPR on only some of the challenged claims and to institute IPR of a given claim based on only some of the proposed grounds. Id. (citing 37 C.F.R. § 42.108(a), (b)).
We can see benefit in the PTO having the ability to institute IPR on only some of the claims and on only some of the proposed grounds, particularly given the Board’s statutory obligation to complete proceedings in a timely and efficient manner. 35'U.S.C. § 316. For example,' in Liberty Mutual Insurance Co. v. Progressive Casualty Insurance Co., No. CBM2012-00003, 2012 WL 9494791, at *1 (P.T.A.B. Oct. 2p, 2012), the petitioner presented over four-hundred, grounds of unpa-tentability for twenty patent claims. The Board determined that “numerous redundant grounds would place a significant burden on the Patent Owner and the Board, and would cause unnecessary delays.” Id. It wrote that “multiple’ grounds, which are presented in a redundant manner by a petitioner who makes no meaningful distinction between them, are contrary to the regulatory and statutory mandates, and therefore are not all entitled to consideration.” Id. at *2. The Board, made specific findings that certain groups of grounds were redundant. It ordered the Petitioner to choose which ground in each group to maintain, and even explained which ground it would proceed with if the Petitioner did not choose. The PTO has made similar constraints in prosecution by requiring applicants to narrow the number of claims they wish to prosecute. See, e.g., Hyatt v. U.S. Patent & Trademark Office, 797 F.3d 1374, 1376 (Fed.Cir.2015) (discussing the PTO’s requirement that the patentee select some of the hundreds of thousands of claims to prosecute, absent a showing that more claims were necessary).
Here, Shaw proposed three grounds of unpatentability for the interposing claims: the Payne-based anticipation ground and two other multiple reference obviousness grounds. The Board did not consider the substance of the Payne reference or compare it to the art cited in the other two proposed grounds.[2] It made no specific *1299 findings that the three grounds overlapped with one another or involved overlapping arguments. It did not order Shaw to either choose which ground to maintain or show that the grounds were not, in fact, redundant.[3] Instead, the Board merely denied IPR of the claims based on the Payne-based ground, writing without making any specific findings that the ground was “redundant” of the other two grounds. We cannot say we agree with the PTO’s handling, of Shaw’s petition. We also cannot say that the PTO’s decision made the proceeding more efficient, particularly given that the Payne-based ground was alleged anticipation by a single reference while the two instituted grounds were alleged obviousness over combinations of references.
We have no authority, however, to review the Board’s decision to institute IPR on some but not all grounds. “Denial of. a ground is a Board decision not to institute inter partes review on that ground.” 37 C.F.R. § 42.108(b). We thus lack jurisdiction to review the Board’s decision not to institute IPR on the Payne-based ground, which includes its decision not to consider the Payne-based ground in its final written decision. •
B
Shaw alternatively petitions for a writ of mandamus instructing the PTO to reevaluate its redundancy decision and to institute IPR based on the Payne-based ground. A writ of mandamus is a “drastic and extraordinary remedy” that can only be used in “exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion.” Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004) (internal quotations omitted). A writ requires (1) that the petitioner have no other adequate -means- to attain the desired relief, (2) that the petitioner have a “clear and indisputable” right to the writ,, and (3) that the issuing court, in the exercise of its discretion, be satisfied that the writ is appropriate under the circumstances. Id.
Shaw argues that these three conditions are . satisfied. First, it argues it has no other means to attain the desired relief “since review by appeal is unavailable.” Pet. 5 (quoting Cuozzo, 793 F.3d at 1275). It argues that because it brought the Payne-based ground in its petition and the PTO denied IPR on that ground,, it may be estopped from arguing the ground in any future proceedings. Second, Shaw argues that it has a .“clear and indisputable right” to have the PTO consider a reasonable number of grounds and references given the “estoppel rules.” Id. at 4 (quoting Cheney, 542 U.S. at 380, 124 S.Ct. 2576), Third, it argues that we should find in our discretion that the writ is appropriate.
Shaw’s argument is predicated on its concern that the statutory estoppel provisions would prevent it from raising, the Payne-based ground in future proceedings. Section 315(e) of Title 35 provides:
*1300 (1) Proceedings before the Office. — The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) ... may not request or maintain a proceeding before the Office with respect to that claim on any ground that the petitioner raised or reasonably could have raised during that inter partes review.
(2) Civil actions and other proceedings. — The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) ... may not assert in either a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.
35 U.S.C. § 315(e) (emphasis added). The PTO argues that Shaw’s statutory interpretation of the estoppel provision is incorrect because “the denied ground never became part of the IPR.” PTO Br. 38. We agree with the PTO that § 315(e) would not estop Shaw from bringing its Payne-based arguments in either the PTO or the district courts. Both parts of § 315(e) create estoppel for arguments “on any ground that the petitioner raised or reasonably could have raised during that inter partes review.” Shaw raised its Payne-based ground in its petition for IPR. the PTO denied the petition as to that ground, thus no IPR was instituted on that ground. The IPR does not begin until it is instituted. See Cuozzo, 793 F.3d at 1272 (“IPRs proceed in two phases. In the first phase, the PTO determines whether to institute IPR. In the second phase, the Board conducts the IPR proceeding and issues a final decision.” (citations omitted)). Thus, Shaw did not raise — nor could it have reasonably raised — the Payne-based ground during the IPR. The plain language of the statute prohibits the application of es-toppel under these circumstances. In light of our construction of the statute, mandamus is not warranted. Thus, we deny Shaw’s petition for writ of mandamus.
C
We turn now to Shaw’s challenges to the Board’s determination that Shaw had not shown by a preponderance of the evidence that the interposing claims would have been obvious over Munnekehoff or Barmag in view of Ligón. We review the Board’s ultimate conclusion of obviousness de novo and its factual findings for substantial evidence. In re Gartside, 203 F.3d 1305, 1316 (Fed.Cir.2000). The parties do not dispute that Munnekehoff taught all of the limitations of the interposing claims except the transfer of stranded material from one package to another on the same side of the frame. Shaw argues that this limitation was taught by Ligón. The Board rejected Shaw’s argument, finding that adding a second package as taught in Ligón to either side of the frame in Munnekehoff would cause tangling and result in an inoperable assembly, absent complete redesign. In making this finding, the Board considered the explanation by Shaw’s expert, Dr. Youjiang Wang, that “tube Q” could be used to prevent tangling. The Board wrote that “[t]he use of tube Q ... is not disclosed, in the cited references” and that Dr. Wang did not “provide any basis (in Ligón or otherwise) for adding the additional tube to the Munnekehoff assembly in the manner proposed.” Final Decision, 2014 WL 3725531, at *11.
Shaw argues that the Board found that Munnekehoff did not disclose the “tube Q” *1301 relied on by Dr. Wang. Such a finding would be undisputedly erroneous, as ACS admits that Munnekehoff has a structure corresponding to Dr. Wang’s “tube Q.” ACS argues, however, that the Board did not make such a finding. ACS argues that instead, the Board found that Munneke-hoff did not disclose “tube Q” the same way that Dr. Wang illustrated, i.e., as a structure that an artisan would have' used to prevent tangling.
The language of the Board’s decision as to “tube Q” is ambiguous at best. If the Board found that “tube Q” was not disclosed in Munnekehoff, it was an undisputed error. The parties dispute what impact the error would have on the Board’s ultimate conclusion, but given the factual nature of the teachings of a reference, we leave to the Board such fact findings in the first instance. Thus, we vacate-in-part and remand.
II ACS’s CROss-Appeal ■
A
ACS challenges the Board’s decision that the second IPR was not barred pursuant to 35 U.S.C. § 315(b). This section provides:
An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the -petitioner is served with a complaint alleging infringement of the patent.
It argues that we have jurisdiction to review the decision because it is not challenging the Board’s institution decision but rather the Board’s interpretation of § 315(b).
Our court recently faced a similar challenge in Achates Reference Publishing, Inc. v. Apple Inc., 803 F.3d 652 (Fed.Cir.2015). We held that we lack jurisdiction to review “the Board’s determination to initiate IPR proceedings based on its assessment of the time-bar of § 315(b), even if such assessment is reconsidered during the merits phase of proceedings and restated as part of the Board’s final written decision.” Id. at 658 (citing 35 U.S.C. § 314(d)). We noted that a “narrow exception to the bar on judicial review exists for claims that the agency exceeded the scope of its delegated authority or violated a clear statutory mandate.” Id. (quoting Hanauer v. Reich, 82 F.3d 1304, 1307 (4th Cir.1996)). Section 315(b) keys the time bar at issue to the service of the patent infringement complaint. The Board decided that ACS’s voluntary dismissal of the suit without prejudice “nullifie[d] the effect of the service of the complaint.” Second Institution Decision, 2013 WL 8595536, at *6. The Board reasoned that we “consistently ha[ve] interpreted the effect of dismissals without prejudice as leaving the parties as though the action had never been brought.” Id. (citing, e.g., Graves v. Principi, 294 F.3d 1350, 1356 (Fed.Cir.2002); Bonneville Assocs., Ltd. v. Barram, 165 E.3d 1360, 1364 (Fed.Cir.1999)). Thus, the Board concluded that Shaw’s petition was not time barred. .
It is true we have held in other cases that dismissals without prejudice leave the parties as though the action had never been brought. While these cases did not address § 315(b) of whether service of a complaint can be nullified, based on Ac-hates, we lack jurisdiction to review this aspect of the Board’s decision. We note that the Supreme Court’s decision to grant certiorari as to the second question in Cuozzo Speed Technologies, LLC v. Lee, — U.S.-, 136 S.Ct. 890, 193 L.Ed.2d 783 (2016) may affect this court’s holding regarding the reviewability of the decision to institute in Achates. As of now, we are constrained by our earlier precedent.
*1302 B
As to the merits, the' Board determined that Shaw showed by a preponderance of the evidence that claim 4 would have been obvious over Munnekehoff or Barmag in view of Bluhm; The Board’s factual findings are supported by substantial evidence and we see no error in its conclusion of obviousness. Thus, we affirm the Board’s decision with regard to claim 4.
CONCLUSION
We affirm-in-part, vacate-in-part and remand the Board’s decision. We deny Shaw’s petition for writ.
AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED
Costs
No costs.

. The Board held that Shaw did not demonstrate a reasonable likelihood of prevailing on its grounds with regard to claim 4.

. We understood the Board’s "redundancy” denial to amount to nothing more than a choice by the Board for efficiency purposes not to review three different grounds as to the ■ interposing claims. Though it is not entirely clear, we did not read the Board’s opinion as deciding any substantive issues with regard to the Payne grounds. For example, the denial is not a determination that the IPR standard is not met as to the Payne grounds. Nor is it a determination of substantive redundancy with regard to ,Payne and Munnekehoff or *1299 Barmag. The PTO confirmed - our understanding of the denial of the Payne-based grounds during oral argument. Oral argument at 31:23-32:59, 38:18-38:21, available at http://oralarguments.cafc.uscourts.gov/ default.aspx?fl=2015-1116 ,mp3.

. In its second IPR petition, Shaw preemptively argued that the proposed grounds there were not redundant. Petition for IPR, Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc., No. IPR2013-005 84 (Sept. 13, 2013) (J.A. 1085-132). The Board did not address the argument. -As in the first institution decision, the. Board'merely denied IPR on four of the proposed grounds, writing without any specific findings that they were "redundant” of the other two. Second Institution Decision, 2013 - WL 8595536, at *12.

. The PTO cites the considerations Congress instructed the PTO to take into consideration in regulating IPRs as the statutory basis for applying 37 C.F.R. § 42.108(a) in this fashion, namely that it "consider ... the efficient administration of the Office, and the ability of the Office to timely complete proceedings instituted under this chapter.” 35 U.S.C. § 316(b).