# United States Court of Appeals
# for the Federal Circuit

---

**HP INC.,**
*Appellant*

**v.**

**MPHJ TECHNOLOGY INVESTMENTS, LLC,**
*Appellee*

---

2015-1427

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00309.

---

Decided: April 5, 2016

---

CHARLENE M. MORROW, Fenwick & West, LLP, Mountain View, CA, argued for appellant. Also represented by STUART P. MEYER, RAVI RAGAVENDRA RANGANATH.

VIVEK GANTI, Hill, Kertscher & Wharton LLP, Atlanta, GA, argued for appellee. Also represented by STEVEN G. HILL.

AMY J. NELSON, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor Michelle K. Lee. Also represented by THOMAS

W. KRAUSE, SCOTT WEIDENFELLER, JOSEPH GERARD PICCOLO.

––––––––––––––––

Before LOURIE, SCHALL, and HUGHES, *Circuit Judges*.

LOURIE, *Circuit Judge*.

HP Inc. ("HP") appeals from the final decision of the United States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board (the "Board") in an *inter partes* review ("IPR") proceeding finding claims 1–12, 14, and 15 of U.S. Patent 6,771,381 (the "'381 patent"), owned by MPHJ Technology Investments ("MPHJ"), unpatentable as anticipated, and finding claim 13 of the '381 patent not unpatentable as anticipated. *See Hewlett-Packard Co. v. MPHJ Tech. Invs., LLC*, IPR2013-00309, 2014 WL 6617698 (P.T.A.B. Nov. 19, 2014) ("*Final Decision*"). HP argues that the Board erred by not also finding claim 13 unpatentable as anticipated, and challenges the Board's decision not to review whether claim 13 is unpatentable as obvious. Because the Board did not err and because we cannot review the decision not to institute, we *affirm*.

BACKGROUND

MPHJ is the owner of the '381 patent, entitled "Distributed Computer Architecture and Process for Virtual Copying," which issued on August 3, 2004. The '381 patent discloses a method and system that "extend[] the notion of copying . . . to a process that involves paper being scanned from a device at one location and copied to a device at another location." '381 patent col. 5 ll. 47–51. "What makes Virtual Copier as simple as its physical counterpart . . . is the fact that it replicates the identical motions that a user who is making a copy using a physical photocopier goes through." *Id.* col. 6 ll. 47–51. Claim 13, the only claim at issue in this appeal, reads as follows:

13. A computer data management system including a server module comprising:

enable virtual copy operation means for initiating, canceling, and resetting said computer data management system;

*maintain list of available module means for maintaining a registry containing a list of said input, output, and process modules that can be used in said computer data management system, said list being read on startup*, and maintaining another copy of said list in a modules object accessible by said input, output, client, process and server modules;

maintain currently active modules means for maintaining said input, output, and process modules currently being used for a current computer data management system copy operating in a program object, and saving the currently active modules in a process template file; and

maintain complete document information means for maintaining information regarding a current file being copied, and saving the information in a document template file.

*Id.* col. 87 l. 45–col. 88 l. 6 (emphasis added).  Claim 13 thus requires, *inter alia*, a list of available modules, including input, output, and process modules. *See id.*

After acquiring the '381 patent, MPHJ sent letters to numerous small businesses, alleging that those businesses likely infringed the '381 patent, among others.  Joint Appendix ("J.A.") 2228–29.  As "[a] good example of an infringing system," the letter described a scanner connected to a local area network in communication with a server, whereby an employee could scan documents at the scanner and have the documents sent to the employee's email address.  J.A. 2229.

Because the letters were sent to users of HP's multifunction printers, HP petitioned for IPR of the '381 pa-

tent.  In its petition, HP alleged that the claims of the '381 patent were unpatentable either as anticipated or as obvious.  J.A. 94.  HP alleged seven grounds of anticipation and one ground of obviousness.  J.A. 2229.  This appeal only implicates three grounds: Ground 1, that all claims are unpatentable as anticipated under 35 U.S.C. § 102(b)[1] by HP ScanJet 5 Scanner User's Guide ("SJ5"), the user's guide for one of HP's network scanners; Ground 6, that all claims are unpatentable as anticipated by U.S. Patent 5,499,108 ("Cotte"), which is directed to a network scanner; and Ground 8, that claims 5, 7, 9, 11–13, and 15 are unpatentable as obvious under 35 U.S.C. § 103(a) over an HP ScanJet 5 Press Release describing the SJ5 scanner ("SJ5PR"), in view of SJ5.  J.A. 2229.

The Board instituted review of all of the claims of the '381 patent, finding that HP established a reasonable likelihood that the claims were unpatentable as anticipated by either Cotte or SJ5.  J.A. 33, 38.  The Board declined to institute review based on the other asserted grounds of unpatentability, concluding that "[t]he additional grounds are . . . redundant in light of the determination that there is a reasonable likelihood that the challenged claims are unpatentable based on the grounds of unpatentability on which we institute an *inter partes* review."  J.A. 38.  As authority for denying review based on redundancy, the Board cited 37 C.F.R. § 42.108(a), which provides that "[w]hen instituting inter partes review, the Board may authorize the review to proceed on all or some of the challenged claims and on all or some of the grounds of unpatentability asserted for each claim."

---

[1]    Because the '381 patent was filed before the adoption of the Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 3, 125 Stat. 284, 285–93 (2011), the prior version of § 102 governs this appeal.  *See Fleming v. Escort, Inc.*, 774 F.3d 1371, 1374 n.1 (Fed. Cir. 2014).

HP did not seek rehearing of that decision. *See* 37 C.F.R. § 42.71.

After institution, MPHJ filed a response, HP filed a reply, and the Board held an oral hearing. J.A. 42. During the hearing, Administrative Patent Judge Easthom questioned counsel for HP regarding whether the "maintain list of available module means" limitation was taught by SJ5. *See* J.A. 2877–79. Specifically, Judge Easthom asked counsel for HP to identify the process and server modules appearing in SJ5. J.A. 2879. Counsel responded that "[t]here is no specific name" for those modules. J.A. 2879.

In the final written decision, issued November 19, 2014, the Board found that claims 1–12, 14, and 15 were unpatentable as anticipated by Cotte. *Final Decision* at *16–29. The Board found that Cotte did not anticipate claim 13 because HP did not establish that Cotte disclosed the claimed list of available module means. *Id.* at *28–29. In reaching that conclusion, the Board cited the exchange between Judge Easthom and counsel for HP at oral argument, and noted that HP did not "point out the specific list or show it is read on start-up." *Id.*

The Board then analyzed whether claim 13 was unpatentable as anticipated by SJ5. *Id.* at *29–30. The Board noted that HP did not respond to MPHJ's arguments that claim 13 was not anticipated, and again cited the exchange at oral argument. *Id.* Moreover, the Board reasoned that, although "[t]he Petition generally refers to the analysis of claims 1, 2, and 7 to address the limitations in claim 13 . . . , those claims recite different elements." *Id.* at *30. Finally, the Board found that HP did "not specify clearly how SJ5 discloses all the recited and argued elements" because HP did not "specify the required lists of modules." *Id.* Accordingly, the Board found that HP had not met its burden of establishing the unpatentability of claim 13.

HP timely appealed, and the Director of the U.S. Patent and Trademark Office (the "Director") intervened pursuant to 35 U.S.C. § 143, filing a brief and participating in oral argument. We have jurisdiction to review the final decision in an IPR proceeding pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

### I. ANTICIPATION

"Anticipation is a question of fact reviewed for substantial evidence." *In re Rambus, Inc.*, 753 F.3d 1253, 1256 (Fed. Cir. 2014). A finding is supported by substantial evidence if a reasonable mind might accept the evidence as sufficient to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

HP argues that the Board did not consider all of the evidence presented, and that therefore the Board's findings are not supported by substantial evidence. Specifically, HP argues that although the Board asserted that HP's arguments relating to claim 13 were a repetition of the arguments HP had made with respect to claims 1, 2, and 7, HP had also referenced arguments and evidence presented relating to claim 9. Appellant's Br. 16–17. Because the Board did not address those arguments, HP argues, it asks that the Board's decision be reversed. *Id.* at 19.

HP also argues that SJ5 does teach the "list of available module means" and so the Board's finding to the contrary is not supported by substantial evidence. HP reasons that because a preferred embodiment of the '381 patent teaches that the Windows registry contains the list of available modules, and SJ5 teaches using "lists of destinations, workflows, and the like [that are] started automatically when Windows is started," SJ5 reads on the "list of available module means" limitation. *Id.* at 15–19.

MPHJ responds that the Board fully considered HP's arguments, expert testimony, the prior art, and MPHJ's response to the petition, and reasonably found that claim 13 was not unpatentable as anticipated. Appellee's Br. 3–5.

We agree with MPHJ that the Board fully considered all of the evidence that HP presented. Although the Board decision does not directly state that it considered the evidence relating to claim 9, that evidence is almost identical to the evidence that HP presented with respect to claim 13. J.A. 2275, 2277. As the Board stated, the evidence regarding both claims "generally refers to the analysis of claims 1, 2, and 7[.]" *Final Decision* at *30. The only evidence listed in the treatment of claim 9, but not listed in the treatment of claim 13, is pages 33, 34, and 114 of SJ5. *Compare* J.A. 2275, *with* J.A. 2277. Those pages of SJ5 are cited in paragraph 132 of HP's expert report, however, and paragraph 132 *is* listed in the treatment of claim 13. J.A. 1357, 2277. Accordingly, the Board did consider the evidence that HP alleges had been neglected.

Moreover, review of SJ5 reveals that the Board's finding that it does not teach a "list of available module means" is supported by substantial evidence. HP's petition does not specifically identify what it views as the input, output, and process modules. *See* J.A. 1357, 1361, 2275, 2277. The only "lists" HP identifies are "lists of destinations, workflows, and the like," and the evidence presented does not equate destinations or workflows with input, output, or process modules. *See* J.A. 1357, 1458–59, 1539. As the Board noted, even at oral argument HP "was unable to specify the relevant names for the process or server modules appearing in a list or lists recited." *Final Decision* at *30. Given this evidence, the Board did not err in finding that SJ5 did not teach the required "list of available module means." Accordingly, we affirm the Board's finding that claim 13 is not anticipated by SJ5.

## II.  DECISION TO INSTITUTE

HP also challenges the Board's refusal to institute review on the basis that that HP's obviousness ground in the petition was redundant in view of the instituted anticipation grounds.

Before reaching the merits of HP's argument, we must first address whether we have jurisdiction to consider the argument at all.  Under 35 U.S.C. § 314(d), "[t]he determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."

HP argues that § 314(d) does not prevent our review of the issue of redundancy because the "under this section" language means that only determinations made under § 314 generally are immune from review.  *Id.*  As the only determination in § 314 is the determination whether "the information presented in the petition . . . and any response . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition," HP argues, only that determination is immune from review.  Appellant's Br. 24 (quoting 35 U.S.C. § 314(a)). HP argues that, as a result, the § 314(d) bar does not apply to this case because § 314 does not give the Director the authority to refuse to institute review based on a determination of redundancy.  MPHJ and the Director respond that we have interpreted § 314(d) to foreclose review of issues other than the § 314(a) determination. Appellee's Br. 5–7; Intervenor's Br. 16–18, 20–24.

We agree with MPHJ and the Director that the § 314(d) bar on judicial review is not limited to the determination whether there is a reasonable likelihood that the petitioner would prevail.  In *Achates Reference Publishing v. Apple Inc.*, we specifically rejected as "crabbed and . . . contradicted by this court's precedent" the argument that the "under this section" language in § 314(d)

limited the bar on review. 803 F.3d 652, 658 (Fed. Cir. 2015). Moreover, we have found that § 314(d) bars our review of aspects of the institution decision other than the § 314(a) determination whether there is a reasonable likelihood that the petitioner would prevail. *SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307, 1313–14 (Fed. Cir. 2015) (refusing to review Board's consideration of obviousness in the final decision despite not being raised in the initial petition); *Achates*, 803 F.3d at 658 (refusing to review the Board's assessment of the time-bar provisions of § 315(b)); *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1273–74 (Fed. Cir. 2015), *cert. granted sub nom. Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 890 (U.S. Jan. 15, 2016) (No. 15-446) (refusing to review the Board's decision to institute review of certain claims on the basis of prior art not asserted regarding those claims). Indeed, we recently held that § 314(d) bars our review of the Board's decision not to institute IPR on redundancy grounds. *See Shaw Indus. Grp., Inc. v. Automated Creel Sys., Inc.*, Nos. 15-1116, 15-1119, ___ F.3d ___, slip. op. at 6–9 (Fed. Cir. Mar. 23, 2016); *Harmonic Inc. v. Avid Tech., Inc.*, No. 15-1072, ___ F.3d ___, 2016 WL 798192, at *7–9 (Fed. Cir. Mar. 1, 2016).

HP next argues that § 314(d) does not bar review of this case because we can review "whether the Board ha[s] properly construed the scope of its authority." Reply Br. 15 (citing *Versata Dev. Grp., Inc. v. SAP Am., Inc.*, 793 F.3d 1306 (Fed. Cir. 2015)). HP argues that just as *Versata* addressed the Board's determination whether a patent was a covered business method ("CBM") patent, and therefore whether the Board had the statutory authority to review it, the present case addresses the Board's statutory authority. The Director responds that the Board did not exceed its statutory authority by refusing to institute review for redundancy, and therefore *Versata* does not apply.

We agree with the Director that *Versata* does not require us to review the Board's institution decision in this case. *Versata* explained that review was proper in that case because the CBM determination was the "defining characteristic" of the Board's "authority to invalidate" the patent. *Versata,* 793 F.3d at 1320–21. Accordingly, in *Achates* we concluded that *Versata* did not permit review of the Board's application of the § 315(b) time bar because the time bar did "not impact the Board's authority to invalidate a patent claim—it only bar[red] particular petitioners from challenging the claim." 803 F.3d at 657. In that case, the patent could still be challenged "via a properly-filed petition from another petitioner." *Id.*

Similarly, a redundancy determination does not impact the Board's authority to find a claim unpatentable. It only prevents the claim from being challenged on a particular basis in that particular IPR proceeding. Indeed, the Director concedes that HP may challenge whether claim 13 is unpatentable as obvious in another petition. Intervenor's Br. 36. As in *Achates*, then, a refusal to institute review on the basis of redundancy does not impact the Board's authority to find a claim unpatentable.

HP next argues that the Board does not possess the authority to institute review only on a subset of the grounds presented in the petition for review. Appellant's Br. 31–39. If the Board determines that there is reasonable likelihood that the petitioner would prevail on *one* claim, HP argues, then the Board must issue a written decision reviewing *all* claims and all grounds properly presented in the petition for review. *Id.* at 31–32. The Director responds that the Board may choose to institute, or not institute, review on any of the grounds presented, if it so chooses, and that § 314(a) only establishes the threshold that must be met for review; it does not compel review.

*Harmonic* addressed whether we could review the Board's decision to institute review on some, but not all, of the grounds presented in a petition. There, we noted that our prior decisions prohibited review of both the decision to institute an IPR and the decision *not* to institute an IPR. *Harmonic*, 2016 WL 798192, at *7 (citing *Cuozzo*, 778 F.3d at 1276 and *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373, 1375–76 (Fed. Cir. 2014)). As the decision to institute on a subset of grounds was "simply a combination of the two," we concluded that we could not review that decision. *Id.* Accordingly, *Harmonic* dictates that § 314(d) bars our review of the decision to institute on only some grounds.

We also recently addressed whether the Board is required to address all grounds presented in the petition for review, including the grounds on which IPR was not instituted, in its final written decision. *Synopsys, Inc. v. Mentor Graphics Corp.*, No. 14-1516, 2016 WL 520236, at *3–5 (Fed. Cir. Feb. 10, 2016). Relying on the statutory text, we concluded "that the Board need only issue a final written decision with respect to claims on which inter partes review has been initiated and which are challenged by the petitioner after the institution stage." *Id.* at *4. Accordingly, the Board is not required to address claims or grounds for which review had not been instituted in its final written decision. *See id.* Together, *Harmonic* and *Synopsys* foreclose HP's arguments. Therefore, we cannot review HP's argument that the Board erred by instituting review on only a subset of grounds, and we conclude that the Board did not err in only addressing the instituted grounds in its final written decision.

HP next challenges whether the Board fulfilled its obligations under the Administrative Procedure Act ("APA"). Specifically, HP argues that the Board did not fulfill its APA obligations because it did not address all of the grounds in the petition in its final decision. Appellant's Br. 47–48 (citing 5 U.S.C. § 557(c)). The Director re-

sponds that the Board met its APA obligations.  Intervenor's Br. 19–21.

We agree with the Director that the Board met its obligations under the APA.[2]  As we have previously explained, "[d]uring the institution phase [of the IPR], the Board establishes parameters that confine the proceeding during the merits phase." *Harmonic*, 2016 WL 798192, at *8.  Accordingly, "[u]nder the PTO's regulations, grounds not instituted never become part of the merits phase of the IPR proceeding." *Id.*  In *Harmonic*, we upheld those regulations as within the scope of the PTO's authority. *Id.* at *9.  Because the noninstituted grounds were never a part of the merits phase of the IPR proceeding, the APA does not require the Board to address those grounds in its final written decision.  Here, in the final written decision, the Board addressed, analyzed, and weighed each of HP's arguments regarding the grounds instituted; accordingly, the Board met its APA obligations.

Finally, HP argues that the Board did not sufficiently articulate the reasons for its redundancy conclusion under the APA.  This issue is reviewable, HP argues, due to the strong presumption of judicial review of agency action. The Director responds that § 314(d) shows that Congress intended for the Board's institution decision to be immune from judicial review.  Intervenor's Br. 19–21.

We agree with the Director that § 314(d) prevents our review of the Board's reasons for its redundancy determination.  Allowing an APA challenge to the Board's decision to institute on the basis that the Board had insufficiently articulated its reasoning would eviscerate § 314(d) by allowing substantive review of the institution

---

[2]    The parties in *Synopsys* did not raise any APA argument, and therefore *Synopsys* does not control on this point.  *See Synopsys*, 2016 WL 520236, at *3–6.

decision. Although there is a strong presumption of judicial review of administrative action, that presumption may be overcome where "there is persuasive reason to believe that such was the purpose of Congress." *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986). Congress, through § 314(d), has explicitly stated that the Board's institution decision "shall be final and nonappealable." Thus, that specific statutory language precludes our review.

HP expresses concern that it will be estopped from challenging claim 13 in a future proceeding. Specifically, HP worries that 35 U.S.C. § 315(e)(1), which estops a petitioner from requesting review on the basis of any ground that the petitioner "raised or reasonably could have raised" during a previous IPR that led to a final written decision, would preclude subsequent review. Appellant's Br. 39. As evidence, HP cites the Board's decision not to institute review in another proceeding, where the Board concluded that HP could have presented the ground in a previous IPR. *Id.*

As we explained *supra*, however, the noninstituted grounds do not become a part of the IPR. Accordingly, the noninstituted grounds were not raised and, as review was denied, could not be raised in the IPR. Therefore, the estoppel provisions of § 315(e)(1) do not apply. *See Shaw*, slip op. at 10–11. Indeed, the Director concedes that "HP is not estopped from raising the obviousness of claim 13 in a subsequent court or Board proceeding, and a challenger cannot assert that the nonobviousness of claim 13 was resolved by the Board in this proceeding." Intervenor's Br. 36.

Accordingly, we cannot review the Board's refusal to institute IPR on redundancy grounds, and we find that the final written decision meets the agency's obligations under the APA.

CONCLUSION

We have considered HP's remaining arguments, but find them unpersuasive.  For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**