O’Malley, Circuit Judge,
concurring.
I agree with Judge Dyk that we have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) to review the Board’s adverse. judgment against Arthrex, and I agree that the Board’s interpretation of 37 C.F.R. § 42.73(b) is consistent with the text of that regulation. I write separately to point out that I have doubts about whether the Director had the authority under 35 U.S.C. § 316 (or any other statutory provision) to issue that regulation or whether, if so, the regulation was properly promulgated.
The Board' relied on 37 C.F.R. § 42.107(e), which states that “[n]o inter partes review will be instituted based on disclaimed claims,” in explaining its grant of adverse judgment against Arthrex. As Arthrex notes in its citation to supplemental authority, the Board recently designated as precedential a portion of a decision denying a request for rehearing in which the Board determined that covered business method (“CBM”) review cannot be instituted based on statutorily disclaimed claims. Facebook, Inc. v. Skky, LLC, No. CBM2016-00091, 2017 WL 4349404, at *3 (P.T.A.B. Sept. 28, 2017) (designated prec-edential as to Section II.B.2). According to the Board, our case law requires that statutorily disclaimed claims must be treated as if they never existed and therefore those claims cannot support institution of CBM review. Id. I believe this same logic applies to the institution of inter partes review on disclaimed claims. And, if the Board lacks the authority to institute review based on statutorily disclaimed claims, as § 42.107(e) and Facebook seem to indicate, it is unclear to me why the Board would have the authority to take any-other action—particularly prior- to institution—with respect to disclaimed claims.
I question the Board’s authority to issue adverse judgments prior to institution for another reason. 37 C.F.R. § 42.73(b) explains that “[a] party -may request judgment against itself at any time during a proceeding.” (emphasis added). The PTO has defined the term “proceeding” broadly, to encompass both the trial and a “preliminary proceeding,” the period of time beginning with the filing, of the petition and ending with the institution decision. 37 C.F.R. § 42.2. As we explained in Shaw Industries Group, Inc. v. Automated Creel Systems, Inc., 817 F.3d 1293, 1300 (Fed. Cir. 2016), however,-“[t]he IPR does not begin until it is instituted.” The PTO’s expansive definition for “proceeding,” and the Board’s application of that definition to the practice of issuing adverse judgments prior, to institution, seem to conflict with our conclusion-in Shaw.

I also am skeptical that the framework of the Leahy-Smith America Invents Act (“ALA”) provides the Board with the necessary authority ■ to issue adverse judgments based on statutory disclaimers prior to institution of inter partes review; The AIA does not address procedural actions before institution, beyond the filing of a petition and the patent owner’s response, should the patent owner wish to submit one. 35 U.S.C. §§ 311-13. Nor does the process of institution itself mention or contemplate the issuance , of adverse judgments. Id. § 314. And I note that the estoppel provision of the AIA, § 315, does not address estoppel arising from pre-in-stitution adverse judgments—it addresses estoppel arising following the issuance of a final written decision under § 318. Section *1352 316(c) explains that the Board “shall, in accordance with [35 U.S.C. § 6], conduct each inter partes review instituted under this chapter”; it does not grant the Board the rulemaking authority to, in effect, make patentability determinations with es-toppel effect—particularly prior to institution. Id. § 316(c) (emphasis added); see also 35 U.S.C. § 6(b)(4) (providing that the Board “shall ... conduct inter partes reviews and post-grant reviews pursuant to chapters 31 and 32.” (emphasis added)).
Because Arthrex affirmatively disclaimed any such statutory or administrative law challenge to the Board’s reliance on 37 C.F.R. § 42.73(b), however, we may not reach those questions in this case. This is particularly so because, in light of the disclaimer of these questions, neither party briefed or argued them. We, thus, must save these inquiries for another day—one where the relevant questions are raised and adequately analyzed by the parties.