# United States Court of Appeals for the Federal Circuit

_____

**INTUITIVE SURGICAL, INC.,**
*Appellant*

**v.**

**ETHICON LLC,**
*Appellee*

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

_____

2020-1481

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-01248.

_____

Decided: February 11, 2022

_____

STEVEN KATZ, Fish & Richardson P.C., Boston, MA, argued for appellant. Also represented by RYAN PATRICK O'CONNOR, JOHN C. PHILLIPS, San Diego, CA.

ANISH R. DESAI, Weil, Gotshal & Manges LLP, New York, NY, argued for appellee. Also represented by ELIZABETH WEISWASSER; PRIYATA PATEL, CHRISTOPHER PEPE, Washington, DC.

SARAH E. CRAVEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, MOLLY R. SILFEN.

———————————

Before O'MALLEY, CLEVENGER, and STOLL, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Intuitive Surgical, Inc. ("Intuitive") appeals from a final written decision of the Patent Trial and Appeal Board ("Board") upholding the patentability of claims 24–26 of U.S. Patent No. 8,479,969. *See Intuitive Surgical, Inc. v. Ethicon LLC*, No. IPR2018-01248, 2020 WL 594140 (P.T.A.B. Feb. 6, 2020).

The threshold question is whether Intuitive is authorized by statute to pursue this appeal. That question turns on whether the Board erred in finding Intuitive estopped from maintaining this inter partes review ("IPR") proceeding and terminating Intuitive as a party under 35 U.S.C. § 315(e)(1). *Id.* at *4. We hold that the Board did not err and, thus, dismiss Intuitive's appeal. Accordingly, we do not reach the merits of the Board's final written decision upholding the patentability of claims 24–26 of the '969 patent.

## I. BACKGROUND

The '969 patent is entitled "Drive Interface for Operably Coupling a Manipulatable Surgical Tool to a Robot." It relates to a robotically controlled endoscopic surgical instrument, which is a commonly used tool in minimally invasive surgery procedures.

On June 14, 2018, Intuitive filed three petitions—IPR2018-01247 ("the Timm/Anderson IPR"), IPR2018-01248 ("the Prisco/Cooper IPR"), and IPR2018-01254 ("the Giordano/Wallace IPR")—to challenge the patentability of certain claims of the '969 patent. All three IPRs challenged the patentability of claim 24 but relied on different prior art references in doing so. The Board instituted the Timm/Anderson and Giordano/Wallace IPRs in January 2019, then instituted the Prisco/Cooper IPR the following month.

In the Timm/Anderson IPR, Intuitive argued that claim 24 would have been obvious over U.S. Patent No. 6,783,524 ("Anderson") in view of U.S. Patent No. 7,510,107 ("Timm").[1] Intuitive also argued that claims 25 and 26 would have been obvious over Anderson and Timm, in further view of U.S. Patent No. 6,699,235 ("Wallace").[2] In the Giordano/Wallace IPR, Intuitive argued that claim 24 would have been obvious over U.S. Patent Application Publication No. 2008/0167672 ("Giordano") in view of Wallace.[3] On January 13, 2020, the Board issued final

---

[1]    Anderson, entitled "Robotic Surgical tool with Ultrasound Cauterizing and Cutting Instrument," describes a robotic surgical tool with an end effector that includes an ultrasound probe tip for cutting and cauterizing tissue. Timm, entitled "Cable Driven Surgical Stapling and Cutting Instrument with Apparatus for Preventing Inadvertent Cable Disengagement," describes a handheld surgical stapler with active and passive articulation joints.

[2]    Wallace, entitled "Platform Link Wrist Mechanism," claims a robotically controlled surgical stapler and discloses the same robotic elements and similar non-robotic elements as the '969 patent.

[3]    Giordano, entitled "Surgical Instrument with Wireless Communication Between Control Unit and Remote Sensor," discloses an articulation pivot and an

written decisions in both the Timm/Anderson and Giordano/Wallace IPRs, upholding the patentability of claim 24 in the face of the prior art cited there.[4] The Timm/Anderson IPR also upheld the patentability of claims 25 and 26.

In the Prisco/Cooper IPR, Intuitive argued that claims 24–26 are anticipated by U.S. Patent No. 8,545,515 ("Prisco").[5] The Prisco/Cooper IPR remained ongoing as of the January 13, 2020, final written decisions in the Timm/Anderson and Giordano/Wallace IPRs. On January 21, 2020, Ethicon filed a motion to terminate Intuitive as a party to the Prisco/Cooper IPR, arguing that Intuitive was estopped from proceeding with that IPR under 35 U.S.C. § 315(e)(1) by virtue of the January 13, 2020, decisions in the companion IPRs. On February 6, 2020, the Board issued a final written decision concurrently terminating Intuitive as a petitioner to the Prisco/Cooper IPR pursuant to § 315(e)(1) and upholding the patentability of claims 24–26 on the merits. Specifically, the Board concluded that § 315(e)(1) estopped Intuitive from maintaining the Prisco/Cooper IPR after final written decisions on the patentability of claims 24–26 were issued in the other proceedings. Among other things, the Board concluded that § 315(e)(1) did not preclude estoppel from applying where simultaneous petitions were filed by the same petitioner on the same claim.

---

articulation control, which allow the surgical tool to bend relative to the shaft.

[4]    In a companion opinion issued contemporaneously with this opinion on this same date, we affirm the Board's decisions in both of those IPRs.

[5]    Prisco, entitled "Curved Cannula Surgical System," claims flexible endoscopic surgery instruments that extend into the surgical site through a curved cannula.

Intuitive timely appeals to this court.

## II. DISCUSSION

Only a party to an IPR may appeal a Board's final written decision. *See* 35 U.S.C. § 141(c) ("A party to an inter partes review . . . who is dissatisfied with the final written decision . . . may appeal."). Section 319 of Title 35 repeats that limitation. And 28 U.S.C. § 1295(a)(4)(A) makes clear that we may review a Board's decision only "at the instance of a party." Despite this limitation, Intuitive argues it may pursue an appeal from the Board's patentability determination in this IPR. It bases this assertion on its claim that the Board misinterpreted 35 U.S.C. § 315(e)(1) when it concluded Intuitive was estopped from maintaining the Prisco/Cooper IPR. It argues that § 315(e)(1) estoppel should not apply to simultaneously filed petitions. Intuitive argues, moreover, that it may appeal the merits of the Board's final written decision on the patentability of claims 24–26 because, even if the Board's estoppel decision is not erroneous, Intuitive was once "a party to an inter partes review" and is dissatisfied with the Board's final decision within the meaning of § 319. As explained in sections B and C below, we find Intuitive's arguments unpersuasive.

### A.

Neither the parties nor the U.S. Patent and Trademark Office ("PTO") dispute our jurisdiction to review the Board's estoppel decision. Section 1295(a)(4)(A) of Title 28 provides us with jurisdiction over "an appeal from a decision of . . . the Patent Trial and Appeal Board . . . with respect to a[n] . . . inter partes review under title 35." We have held that the plain language of § 1295(a)(4)(A) permits appeal where the adverse judgment is a "decision of the Board . . . 'with respect to' an inter partes review proceeding . . . [and] also final, as the judgment terminate[s] the IPR proceeding" with respect to a party. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 880 F.3d 1345, 1348 (Fed. Cir. 2018). A decision is considered final "when it terminates

the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what has been determined." *St. Louis, I.M. & S. Ry. Co. v. S. Express Co.*, 108 U.S. 24, 28–29 (1883). In the proceedings here, § 1295(a)(4)(A) permits us to review the Board's estoppel decision because the Board's decision to terminate Intuitive as a party to the Prisco/Cooper IPR is a "decision" of the Board "with respect to" an IPR that is also "final" in terminating the proceeding with respect to Intuitive.

Though we may not review Board decisions reconsidering and terminating an institution decision, we are not precluded by the § 314(d) statutory appeal bar from reviewing the Board's § 315(e)(1) estoppel decision. Subsection 314(d) poses no barrier to review of Board decisions "separate and subsequent . . . to the institution decision." *Facebook, Inc. v. Windy City Innovations, LLC*, 973 F.3d 1321, 1332 (Fed. Cir. 2020) (holding that Board joinder decisions are reviewable because they concern the "manner in which the already-instituted IPR proceeded"); *see also Uniloc 2017 LLC v. Facebook, Inc.*, 989 F.3d 1018, 1027 (Fed. Cir. 2021) (concluding that § 314(d) did not bar review of the Board's denial of a request for estoppel where "the alleged estoppel-triggering event occurred after institution"). In *Uniloc*, we reasoned that an estoppel-triggering event subsequent to the institution decision "could not have affected the decision to initiate the administrative proceeding" and was thus not so "closely tied" to institution as to preclude judicial review under § 314(d). 989 F.3d at 1026. Here, too, any purported estoppel-triggering event—specifically, issuance of the Giordano/Wallace and Timm/Anderson final written decisions—occurred long after the Board's decision to institute the Prisco/Cooper IPR. Accordingly, this separate and subsequent event, which had the effect of terminating Intuitive as a party but did not constitute a reconsideration of the decision to institute the IPR, does not prevent our review of the Board's application of § 315(e)(1).

B.

We now consider the merits of Intuitive's challenge to the Board's § 315(e)(1) determination to terminate Intuitive as a party to the Prisco/Cooper IPR.    Subsection 315(e)(1) states that "[t]he petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision . . . may not request *or maintain* a proceeding before the Office with respect to that claim on any ground that the petitioner *raised or reasonably could have raised during that inter partes review.*"    35 U.S.C. § 315(e)(1) (emphases added).    Intuitive argues that the Board erred in its interpretation of § 315(e)(1).    Statutory interpretation is a question of law that we review de novo. *VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363, 1369 (Fed. Cir. 2019).

Specifically, Intuitive alleges that the Board erred because Intuitive could not "reasonably have raised" its grounds from the Prisco/Cooper IPR in the simultaneously filed Timm/Anderson and Giordano/Wallace petitions.    It argues that the 14,000-word limit imposed on petitions necessitated three separate petitions to present all the prior-art combinations on which it wished to rely.[6]    Intuitive adds that it could not have later raised its grounds from the Prisco/Cooper IPR because new grounds cannot be added after institution.    Intuitive also argues that allowing the continuation of the simultaneously submitted petitions is not incompatible with the purpose of § 315(e)(1)—which aims to obviate abusive IPR conduct—because simultaneous filings are not "as abusive" as successive filings.    Appellant's Br. 75.

We are unpersuaded.    The Board did not err in finding Intuitive estopped from maintaining the Prisco/Cooper

---

[6]    37 C.F.R. § 42.24(a)(i) limits petitions requesting inter partes review to 14,000 words.

IPR.  After reviewing the statutory text, "considered along-side its context, purpose, and history," *see Gundy v. United States*, 139 S. Ct. 29 2116, 2123, *reh'g denied*, 140 S. Ct. 579 (2019), we hold that § 315(e)(1) estops a petitioner as to invalidity grounds for an asserted claim that it failed to raise but "reasonably could have raised" in an earlier de-cided IPR, regardless of whether the petitions were simul-taneously filed and regardless of the reasons for their separate filing.

The plain language of § 315(e)(1) is clear that estoppel is triggered when an IPR proceeding results in a final writ-ten decision, compelling the conclusion that Intuitive was estopped as to the Prisco/Cooper IPR once the Giordano/Wallace and Timm/Anderson IPRs concluded with final written decisions.  We cannot ignore this statu-tory language simply because the petitions were filed on the same day and were instituted within days of each other.

It is undisputed that all three IPRs challenged the same claim of the '969 patent.  It is also undisputed that Intuitive filed all three petitions on the same day.  It fol-lows, therefore, that Intuitive *actually* knew of the Prisco prior art at the time it filed the other two petitions and knew which claims it wanted to challenge based on that art.  Certainly, Intuitive reasonably could have raised its grounds from the Prisco/Cooper IPR in either the Giordano/Wallace or Timm/Anderson IPRs.  Yet, it did not.

Intuitive concedes, as it must, that it knew of the pre-cise grounds it wanted to assert in the last of the three IPRs to be instituted when it filed and pursued its first two peti-tions all the way to final written decisions.  It asserts, how-ever, that it should be relieved of the estoppel it would otherwise face under § 315(e)(1) because it could not "rea-sonably" have asserted the claims in the Prisco/Cooper IPR any sooner.  This is so, according to Intuitive, for two rea-sons: (1) the Board's 14,000 word limit on petitions made it impossible to raise all grounds in the first two IPRs and

(2) because the Board prohibits amending petitions after institution, it could not have asserted the Prisco/Cooper grounds "during" the IPR within the meaning of § 315(e)(1), as defined by our decision in *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir. 2016). We are unpersuaded.

We reject the proposition that the three petitions could not have been more concisely written to fit in only two petitions. First, as the master of its own petition, Intuitive could have made its challenges more pointed and specific so as to fit all of its grounds in two petitions satisfying the word limits. Second, Intuitive had alternative avenues that would have allowed it to file three full-length petitions while avoiding the consequences of § 315(e)(1), despite the word limit. A petitioner may seek to consolidate multiple proceedings challenging the same patent—whether filed on the same day or not—if the Board institutes review on multiple petitions by a single petitioner. *See* 35 U.S.C. § 315(d) (permitting the Director to consolidate separate IPRs challenging the same patent). A petitioner may also file multiple petitions where each petition focuses on a separate, manageable subset of the claims to be challenged—as opposed to subsets of grounds—as § 315(e)(1) estoppel applies on a claim-by-claim basis. *See* 35 U.S.C. § 315(e)(1). Intuitive failed to take advantage of either of these statutory routes to avoid estoppel. It did not seek to consolidate the three proceedings; it did not divide its petitions according to subsets of claims. And, while it did request a consolidated hearing (a request the Board granted), it did not ask that the cases proceed to final written decision on the same timetable. Because the Prisco/Cooper IPR was accorded a later filing date than the first two IPRs, and the Board subsequently issued separate scheduling orders with different timelines for each IPR, Intuitive knew that final decision in the Prisco/Cooper IPR would most likely post-date the final written decision for the first two IPRs. Intuitive's word-limit grievance, therefore, is largely a problem of its

own making.[7] With these choices left unpursued, we cannot conclude that Intuitive could not "reasonably have raised" its grounds from the Prisco/Cooper IPR in the other proceedings.

Intuitive's reliance on *Shaw* is similarly unpersuasive. As an initial matter, we find Intuitive's one-sentence citation to *Shaw* inadequate to preserve meaningful reliance on that decision. Even if the argument were not forfeited, moreover, it is easily rejected on the merits. To be sure, *Shaw* stood for the proposition that estoppel does not bar challenges to grounds asserted in a petition but on which the Board refused institution. *Shaw* did not, however, directly speak to the impact of estoppel on grounds never raised in petitions. Several district courts attempted to determine *Shaw*'s impact on such grounds and split on the question. *Compare Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 2605977, at *2–3 (E.D. Va. June 5, 2017) (determining that estoppel applies to grounds not included in a petition that the petitioner reasonably could have raised), *and SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 602 (D. Mass. 2018) (explaining that "reasonably could have raised" includes "any patent or printed publication that a petitioner actually knew about or that 'a skilled searcher conducting a diligent search reasonably could have been expected to discover'"), *with Koninklijke Philips N.V. v. Wangs All. Corp.*, No. 14:cv-12298, 2018 WL 283893, at *4 (D. Mass. Jan. 2, 2018) ("It would seem, then, that the phrase 'inter partes review' . . . refers only to the period of time after review is instituted."), *and Lighting Sci. Grp. Corp. v. Shenzhen Jiawei Photovoltaic Lighting Co.*, No. 16-cv-3886-

---

7    It is notable that, by the end of the proceedings, the focus of the three IPRs boiled down to a challenge to the independent claim and only three combinations of prior art.

BLF, 2017 WL 2633131, at *5 (N.D. Cal. June 19, 2017) (determining that *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501- SI, 2017 WL 235048 (N.D. Cal. Jan 19, 2017) interprets § 315(e) to apply only to grounds raised in the IPR petition and instituted by the Board).

Recognizing this split among the lower courts, and the need for clarity on the question, we recently took the opportunity to make clear that, to the extent *Shaw* held that estoppel can only apply to instituted grounds for a given claim because those grounds were the only ones raised "during" the IPR, and not to grounds for that same claim that a petitioner could have "reasonably raised" but did not, that aspect of *Shaw* has been abrogated by subsequent Supreme Court case law. *Cal. Inst. of Tech. v. Broadcom Ltd.*, No. 2020-2222, 2021-1527, 2022 WL 333669, at *9–11 (Fed. Cir. Feb. 4, 2022) (citing *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348 (2018)) (overruling *Shaw* and clarifying "that estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all claims and grounds not in the IPR but which reasonably could have been included in the petition").

Contrary to Intuitive's arguments, moreover, applying estoppel in these circumstances is not only consistent with *SAS*, but it also furthers the legislative purposes of § 315(e)(1). Subsection 315(e)(1) has been understood to discourage "abusive serial challenges to patents" and provide "faster, less costly alternatives to civil litigation to challenge patents." 157 Cong. Rec. S936, S952 (daily ed. Feb. 28, 2011) (statement of Sen. Grassley). Here, Intuitive has already twice failed to invalidate claim 24 of the '969 patent in the Giordano/Wallace and Timm/Anderson IPRs and is not entitled to another bite at the apple via the Prisco/Cooper IPR.

## C.

Intuitive finally asserts that, even if the Board was correct to conclude that Intuitive was estopped from pursuing

the Prisco/Cooper IPR, Intuitive still has the right to appeal the Board's merits determination because it was *once* a party to that IPR. That contention reflects a misunderstanding of both § 315(e)(1) and § 319.

Subsection 315(e)(1) expressly states that, once the Board issues a final written decision addressing the patentability of the claims of a patent, "[t]he petitioner . . . may not request or maintain a proceeding" challenging those same claims before the Board on grounds that it "raised or reasonably could have raised during that inter partes review." That means that, regardless of when the Board memorializes its conclusion that § 315(e)(1) bars a proceeding, the estoppel is effective as of the issuance of the prior written decision. To read § 315(e)(1) otherwise would eviscerate the "maintain a proceeding" language in the statute.

The question here is whether Intuitive—which was no longer a party to the Prisco/Cooper IPR once the Board issued the Giordano/Wallace and Timm/Anderson final written decisions—has satisfied the statutory requirements attendant to the right to appeal from the Prisco/Cooper merits determination. Sections 141(c) and 319 of Title 35 set forth who is statutorily authorized to appeal a final written decision of the Board. As noted above, § 141(c) states that only a "*party* to an inter partes review" has the right to appeal a final written decision of the Board. Similarly, § 319 states that only a "*party* dissatisfied with the final written decision" of the Board may appeal. Thus, only parties to an IPR fall within the zone of interests protected by the law invoked—i.e., the right to appeal a final written decision of the Board. *Mylan Pharms. Inc. v. Rsch. Corp. Techs., Inc.*, 914 F.3d 1366, 1373 (Fed. Cir. 2019) (statutory right to appeal limited to those Congress authorized to take an appeal). Once § 315(e)(1) prohibited Intuitive from maintaining this IPR, Intuitive ceased to be a party under § 141 and § 319, placing it outside the zone of interest established by the congressionally authorized right to appeal

in those provisions.  *Id.* (citing *Lexmark Int'l, Inc. v. Static Control Comps., Inc.*, 572 U.S. 118, 129 (2014)).[8]

### III. CONCLUSION

We have considered Intuitive's remaining arguments and find them unpersuasive.  For the reasons discussed above, we affirm the Board's conclusion that Intuitive was estopped from maintaining the Prisco/Cooper IPR once the final written decisions in the Timm/Anderson and Giordano/Wallace IPRs issued.  Because Intuitive may not challenge the Board's final written decision in the IPR at issue here as a non-party, we have no jurisdiction to review the merits of the Board's decision.  Accordingly, we dismiss Intuitive's appeal.

**DISMISSED**

---

[8]   Intuitive also argues it may pursue this appeal because it satisfies the minimum standing requirements of Article III of the U.S. Constitution.  But that contention, even if true, confuses constitutional standing concepts with the question of whether one satisfies the statutory requirements attendant to the right to appeal.