# United States Court of Appeals
# for the Federal Circuit

———————————

**CLICK-TO-CALL TECHNOLOGIES LP,**
*Plaintiff-Appellant*

**v.**

**INGENIO, INC., DBA KEEN, ETHER, THRYV, INC.,**
*Defendants-Appellees*

———————————

2022-1016

———————————

Appeal from the United States District Court for the Western District of Texas in No. 1:12-cv-00465-LY, Judge Lee Yeakel.

———————————

Decided: August 17, 2022

———————————

DANIEL J. SHIH, Susman Godfrey LLP, Seattle, WA, argued for plaintiff-appellant. Also represented by BRIAN MELTON, MAX LALON TRIBBLE, JR., Houston, TX.

AMANDA N. BROUILLETTE, Kilpatrick Townsend & Stockton LLP, Atlanta, GA, argued for defendants-appellees. Also represented by DAVID CLAY HOLLOWAY, MITCHELL G. STOCKWELL.

———————————

Before STOLL, SCHALL, and CUNNINGHAM, *Circuit Judges*.

STOLL, *Circuit Judge*.

This appeal involves the district court patent-infringement suit that is the sister case to the inter partes review considered by the Supreme Court in *Thryv, Inc v. Click-to-Call Technologies, LP*, 140 S. Ct. 1367 (2020). Significant to this case, despite Ingenio seeking IPR of all of the asserted claims of the patent at issue, U.S. Patent No. 5,818,836, the Patent Trial and Appeal Board only partially instituted the IPR. Specifically, in its final written decision, the Board addressed and found persuasive unpatentability grounds based on one reference, Dezonno, but refused to consider grounds based on another reference, Freeman. Notably, the Freeman grounds challenged asserted claim 27 of the '836 patent, whereas the Dezonno grounds did not. During the pendency of the appeal of the IPR, and while the district court case was stayed, the Supreme Court overruled the practice of partial institutions in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (2018). Ingenio, however, never sought remand under *SAS* for the Board to consider Ingenio's challenge to claim 27.

The district court revived the case once the IPR proceeding was finally concluded. In the post-IPR district court proceedings, Ingenio moved for summary judgment, arguing that the only asserted claim not finally held unpatentable in the IPR, claim 27, was invalid based on the same reference that Ingenio had used against the other asserted claims in its IPR petition—Dezonno. Click-to-Call argued that Ingenio was estopped from pressing this invalidity ground against claim 27 due to IPR estoppel under 35 U.S.C. § 315(e)(2), but the district court did not accept this argument.

This case thus requires us to consider the application of 35 U.S.C. § 315(e)(2) under a rather unusual set of facts. The Board instituted pre-*SAS* and did not institute on all grounds. And when given the opportunity to do so post-

*SAS*, Ingenio did not seek remand for institution on the non-instituted grounds. We conclude that under the facts of this case, the district court erred in not applying IPR estoppel under 35 U.S.C. § 315(e)(2) to claim 27 based on Dezonno. Accordingly, we reverse as to claim 27 and remand for further proceedings.

Click-to-Call also argues that the district court abused its discretion in not allowing Click-to-Call to amend its selection of asserted claims to add two claims that were not at issue in the IPR (claims 24 and 28). The district court did not abuse its discretion in this regard, and thus we affirm the district court's denial of Click-to-Call's request to amend.

### BACKGROUND

Click-to-Call filed a complaint for patent infringement against several entities (including Ingenio) more than ten years ago, on May 29, 2012. J.A. 30. Originally, Click-to-Call asserted sixteen claims of the '836 patent. J.A. 64–65 (asserting claims 1, 2, 8, 12–13, 15–16, 19, 22–24, 26–30). In response, on May 28, 2013, Ingenio filed a petition for IPR challenging the sixteen asserted claims and one additional claim (claim 18). In its petition, Ingenio challenged these claims on six grounds, three based on Dezonno and three based on Freeman.

While the IPR petition was pending, the district court issued a *Markman* order construing certain claim terms on August 16, 2013. J.A. 38 (docket report showing D.I. 137 (Consolidated *Markman* Order)). On September 11, 2013, the district court entered a scheduling order requiring plaintiffs to narrow their asserted claims to only eight claims. J.A. 38 (docket report showing D.I. 138 (Scheduling Order)); J.A. 1255. Click-to-Call complied on October 11, 2013, selecting claims 1, 2, 8, 12, 13, 16, 26, and 27. J.A. 1258.

Less than a month after this selection, the Board partially instituted IPR based on Ingenio's petition. J.A. 1539–68 (Oct. 30, 2013). The Board instituted only on the Dezonno-based grounds and refused institution of the Freeman-based grounds. As shown below, claim 27 was challenged in the petition based only on Freeman, not Dezonno.

| Reference(s) | Basis | Claims Challenged |
| --- | --- | --- |
| Dezonno | §102(e) | 1, 2, 12, 13, 19, 22, 23, 26, 29, and 30[1] |
| Dezonno | §103(a) | 1, 2, 8, 12, 13, 15, 16, 19, 22, 23, 26, 29, and 30[2] |
| Dezonno and Mosaic Handbook | §103(a) | 22 and 29 |
| Freeman and Attention Shoppers | §103(a) | 1, 2, 8, 12, 13, 15, 16, 18, 19, 22-24, and 26-30 |
| Freeman, Attention Shoppers, and Blinken | §103(a) | 8, 15, and 16 |
| Freeman, Cyberspace, and Whole Internet | §103(a) | 1, 2, 8, 12, 13, 15, 16, 18, 19, 22-24, 26, 29, and 30 |

J.A. 1547 (Board's institution decision listing grounds) (green shading added to instituted grounds, yellow highlighting added to the only challenge of claim 27).

Back at the district court, Ingenio moved to stay the case until the IPR was resolved. The district court granted the motion on December 5, 2013. J.A. 39 (docket report showing D.I. 147 (Order Granting Motion to Stay Case)). This stay would last for years because of the lengthy subsequent appellate history of the IPR.

The Board issued its final written decision on October 28, 2014. The Board found all claims challenged on the Dezonno grounds to be unpatentable. J.A. 1597. Click-to-

Call appealed based on a time-bar dispute.[1]  After all appeals, the Board's decision became final after our May 28, 2020 order dismissing the appeal.  *Click-to-Call Techs., LP v. Ingenio, Inc.*, 810 F. App'x 881 (Fed. Cir. 2020).  During the pendency of the IPR appeal, Ingenio did not ask for remand under *SAS* to review the non-instituted grounds.  Thus, dependent claim 27 survived the IPR.  That claim recites: "The method of claim 1, wherein the second information comprises an advertisement." '836 patent Ex Parte Reexamination Certificate col. 4 ll. 26–27.

After the IPR finally concluded, the district court lifted the stay.  On October 20, 2020, Ingenio filed a motion for summary judgment of invalidity.  In responding to Ingenio's motion, Click-to-Call requested leave to amend its asserted claims to add two other claims (claims 24 and 28) that were not at issue in the IPR.  In addition, Click-to-Call argued that Ingenio was estopped from pressing invalidity of claim 27 based on Dezonno due to IPR estoppel under 35 U.S.C. § 315(e)(2).  The magistrate judge filed a Report and Recommendation recommending granting Ingenio's motion on the basis that Dezonno anticipated claim 27 and that Click-to-Call should not be granted leave to amend its asserted claims.  J.A. 7–19.  The district court adopted the Report and Recommendation on August 30, 2021, and

---

[1]     During the IPR, Click-to-Call had argued that Ingenio's petition was time barred under 35 U.S.C. § 315(b).  The Board disagreed and reached the merits.  *Oracle Corp. v. Click-to-Call Techs. LP*, No. IPR2013-00312, 2014 WL 5490583 (P.T.A.B. Oct. 28, 2014).  Click-to-Call appealed, and we held that the Board erred in its time-bar determination.  *Click-to-Call Techs., LP v. Ingenio, Inc.*, 899 F.3d 1321 (Fed. Cir. 2018).  The Supreme Court, however, held that this time-bar question was unreviewable under 35 U.S.C. § 314(d).  *Thryv*, 140 S. Ct. at 1373–74.

granted summary judgment of invalidity.  J.A. 3–6.  Final judgment issued on September 2, 2021.  J.A. 1–2.

Click-to-Call appealed.   We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a grant of summary judgment according to the law of the regional circuit, here, the Fifth Circuit.  *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 66 (Fed. Cir. 2012).  The Fifth Circuit reviews a district court's grant of summary judgment de novo.  *Id.*  Summary judgment is improper where there is a genuine dispute of material fact and where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Statutory interpretation, including interpretation of the IPR estoppel statute, is a question of law that we review de novo.  *Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1040 (Fed. Cir. 2022); *see also Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 989 (Fed. Cir. 2022) ("*Caltech*").

We review district court decisions on procedural matters in patent cases, such as granting leave to amend claim selections, for an abuse of discretion.  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366–68 (Fed. Cir. 2006); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (reviewing a ruling on a motion for leave to amend a pleading for an abuse of discretion).

I

We first turn to Click-to-Call's argument that the district court erred in refusing to estop Ingenio from arguing that claim 27 is anticipated by Dezonno.  We agree that the district court erred by not addressing the actual basis of

Click-to-Call's estoppel argument, and we hold as a matter of law that IPR estoppel applies.  At the outset, the district court erred by analyzing Click-to-Call's argument only under common law issue preclusion.  J.A. 18 (Report and Recommendation); J.A. 4 (adopting the Report and Recommendation).  Click-to-Call's argument regarding Dezonno and claim 27 was grounded in IPR estoppel under 35 U.S.C. § 315(e)(2), not standard issue preclusion.  J.A. 1717–20 (Click-to-Call's response to Ingenio's motion for summary judgment).  Thus, the district court erred in failing to address the basis of Click-to-Call's argument.

Furthermore, the district court's reason for rejecting Click-to-Call's argument—a reason derived from the issue-preclusion rubric—does not apply to IPR estoppel.  The district court rejected Click-to-Call's estoppel argument under the "actually litigated" prong of issue preclusion.  J.A. 18 (citing *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994) (explaining that, for issue preclusion to apply, the "issue must have been fully and vigorously litigated in the prior action")).  But IPR estoppel has no such express requirement.  And it would not be reasonable to engraft such a requirement into IPR estoppel, given that the IPR statute also estops grounds that "reasonably could have [been] raised." § 315(e)(2).  Thus, it was error to reject Click-to-Call's IPR estoppel argument on the basis that anticipation by Dezonno "was not litigated in the IPR," J.A. 18, because Ingenio might still be estopped if it "reasonably could have raised" that ground in the IPR.  Accordingly, we reject the district court's basis for denying Click-to-Call's estoppel argument.

We turn now to the merits of Click-to-Call's estoppel argument.  We hold that IPR estoppel applies here as a matter of law and precludes Ingenio from arguing that claim 27 is anticipated by Dezonno.  Ingenio's IPR petition included a challenge to claim 27 (based upon Freeman, but not Dezonno) and included unpatentability challenges to other claims based on Dezonno (including an anticipation

challenge to claim 1 on which claim 27 depends), evidencing its awareness of the Dezonno reference. Accordingly, anticipation of claim 27 in view of Dezonno—the invalidity challenge the district court accepted—is a ground that Ingenio "reasonably could have raised" in the IPR. Ingenio's arguments to the contrary based on the language of § 315(e)(2) and *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293 (Fed. Cir. 2016), are unpersuasive.

Specifically, Ingenio argues that it is not estopped because claim 27 "was not part of the Board's Final Written Decision," which it contends is required by § 315(e)(2). Appellees' Br. 9. Ingenio focuses on the below-underlined language in § 315(e)(2), referencing "a claim in a patent" and "the claim," in addition to requiring that the IPR "results in a final written decision":

> (e)  ESTOPPEL.— . . .
>
> (2) CIVIL ACTIONS AND OTHER PROCEEDINGS.—The petitioner in an inter partes review of <u>a claim in a patent</u> under this chapter that <u>results in a final written decision</u> under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that <u>the claim</u> is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

35 U.S.C. § 315(e)(2) (emphases added); *see* Appellees' Br. 8–9. Ingenio argues that as a result of this language, IPR estoppel is applied on a claim-by-claim basis and is

limited to only those claims that were "subject to a final written decision." Appellees' Br. 8–9.

The fact that claim 27 was not part of the Board's final written decision, however, does not have the dispositive weight Ingenio ascribes to it because of the unusual procedural posture of this case. It is true that § 315(e) estoppel applies on a "claim-by-claim basis." *Intuitive*, 25 F.4th at 1042 (analyzing § 315(e)(1) estoppel at the U.S. Patent and Trademark Office). And the statute does specify that it applies estoppel from "an inter partes review of a claim in a patent under this chapter that results in a final written decision." § 315(e)(2). But here, Ingenio included claim 27 in its petition, and the IPR did result in a final written decision. The fact that the Board, due to a legal error corrected by *SAS*, failed to include claim 27 in its final written decision does not absolve Ingenio of the estoppel triggered by its choice to challenge claim 27 at the Board.

As described in the Background, Ingenio crafted its petition to challenge claim 27 only on the alternative Freeman-based ground, rather than Dezonno. The Board, consistent with its practice at the time in 2013, instituted only on the Dezonno-based grounds, thus leaving claim 27 unaddressed. This partial-institution practice, however, was inconsistent with the IPR statute and was overruled by the Supreme Court in *SAS*. 138 S. Ct. at 1359–60. The Court explained that "the statute tells us that the petitioner's contentions, not the Director's discretion, define the scope of the litigation all the way from institution through to conclusion." *Id*. at 1357. Our court has also recognized the primacy of a petitioner's contentions, specifically in the context of IPR estoppel. In *Caltech*, we noted that "it is the petition, not the institution decision, that defines the scope of the IPR." *Caltech*, 25 F.4th at 990 (citing *SAS*, 138 S. Ct. at 1357–58). Thus, it is the "petitioner's contentions" that define "the scope of the [IPR] litigation" and thus the extent of the estoppel (so long as the IPR ends in a final written decision). Here, the scope of the IPR as

defined in the petition included claim 27 and Dezonno, even if it did not include a challenge to claim 27 based upon Dezonno.

Furthermore, unlike pre-*SAS* petitioners whose partially instituted proceedings went final before *SAS* issued, Ingenio was not helpless to remedy the Board's institution error. Due to the long appellate history of the IPR proceeding, the appeal of Ingenio's IPR was still pending at the time *SAS* issued in 2018. Ingenio, however, never sought a *SAS* remand directing the Board to address its non-instituted claims and grounds. *See* Appellant's Reply Br. 3 (noting Ingenio's failure to request *SAS* remand); Oral Arg. at 18:30–19:10, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1016_06092022.mp3 (Ingenio conceding it "could have" sought *SAS* remand to address claim 27 but did not because its Dezonno ground was successful). Ingenio thus forewent the route taken by many other parties post-*SAS* to have the Board address all claims and all grounds in their petitions. *See, e.g.*, *Adidas AG v. Nike, Inc.*, 894 F.3d 1256, 1258 (Fed. Cir. 2018) (granting *SAS* remand); *BioDelivery Scis. Int'l, Inc. v. Aquestive Therapeutics, Inc.*, 898 F.3d 1205, 1208 (Fed. Cir. 2018) (citing cases where remand was granted). Ingenio's choice to leave unremedied the Board's mistake does not shield it from estoppel as to a claim it included in its IPR petition.

Ingenio also relies on *Shaw* in opposing IPR estoppel. Appellees' Br. 9–10. In *Shaw*, the appellant had been successful in partially invalidating the claims of a certain patent. *Shaw*, 817 F.3d at 1297. The petitioner included a huge number of unpatentability grounds (fifteen) in its petition. The Board, according to its then-current practice, instituted review of only some of the grounds, denying others as redundant. *Id.* at 1296–97. One ground that was denied as redundant relied on a prior art reference called "Payne" as allegedly rendering invalid certain claims. *Id.* at 1296. In the end, the Board determined that the claims had not been shown to be unpatentable based on the

instituted ground. *Id.* at 1297. The Board did not address the non-instituted grounds, including Payne. *Id.*

The petitioner sought a writ of mandamus from our court to instruct the Board to reconsider its redundancy decision and to institute IPR on the Payne ground. One argued basis for the writ was that the petitioner "may be estopped from arguing the [Payne] ground in any future proceedings." *Id.* at 1299. Our court denied the request for mandamus, agreeing with the PTO (who intervened in that case) that "the denied ground never became part of the IPR." *Id.* at 1300. Accordingly, the denied ground was not raised nor could it have been reasonably raised "during" the IPR—i.e., after institution—and thus the petitioner would not be estopped. *Id.* *Shaw*, therefore, held that unpatentability grounds that were in a petition but rejected by the Board at institution were not subject to IPR estoppel.

Ingenio argues that it should not be estopped because, as in *Shaw*, claim 27 was not considered "during" the IPR, "which only begins *after* institution" and claim 27 "was not a part of the Board's Final Written Decision." Appellees' Br. 9–10. Ingenio's reliance on *Shaw* is misplaced.

We recently overruled *Shaw*. *Caltech*, 25 F.4th at 991. In *Caltech*, we relied on *SAS*'s abrogation of the Board's practice of partial institutions as undermining *Shaw*'s rationale. To give effect to the language "reasonably could have raised," we held that "estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition." *Id.* at 991. Here, claim 27 was "included in the petition" and there is no reasonable argument that Ingenio could not have raised Dezonno against that claim. And under *SAS*, Ingenio was entitled to have *all* of its claims and grounds considered after institution. *See SAS*, 138 S. Ct. at 1355

("Much as in the civil litigation system it mimics, in an inter partes review the petitioner is master of its complaint and normally entitled to judgment on all of the claims it raises, not just those the decisionmaker might wish to address."); *see also PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1360 (Fed. Cir. 2018) ("We will treat claims and grounds the same in considering the *SAS* issues currently before us.").[2]  Thus, Ingenio's reliance on *Shaw* is out of date and IPR estoppel applies.[3]

---

[2]    Ingenio hypothesizes that "[i]t is equally likely the PTAB would have rejected the entire petition instead of instituting the entire petition in the post-*SAS* world." Appellees' Br. 11 n.1.  Perhaps.  *See, e.g.*, *BioDelivery*, 935 F.3d at 1366–67.  But if that were the case, estoppel would not apply at all because the IPR would not have "result[ed] in a final written decision under section 318(a)."  § 315(e)(2).

[3]    Even if *Shaw* had not been overruled, its exemption would not apply here.  In *Shaw*, this court held that IPR estoppel does not apply to grounds not instituted by the Board.  If Ingenio asserted in district court that Freeman in view of Lewis rendered obvious claim 27—the ground that Ingenio pressed in its IPR petition but was denied by the Board—it would have had a much stronger argument that its case is analogous to *Shaw*.  Here, Ingenio chose not to assert that Dezonno anticipated claim 27 in its petition and put all its eggs in the Freeman basket.  In other words, the Board was never given the chance to consider whether Dezonno anticipated claim 27.  Thus, *Shaw* would not apply because the Board never denied institution of claim 27 as anticipated by Dezonno.  Ingenio argues that, like in *Shaw*, "there was no means by which [Ingenio] could have raised the invalidity of Claim 27 during the IPR."  Appellees' Br. 10.  That is incorrect.  As explained above, Ingenio could have sought a *SAS* remand.

We therefore reverse the district court and hold that Ingenio is estopped under 35 U.S.C. § 315(e)(2) from asserting anticipation of claim 27 by Dezonno, the only invalidity basis applied by the district court.

## II

Next, we turn to the district court's denial of Click-to-Call's request to amend its listing of asserted claims to add claims 24 and 28, which were not challenged in the IPR. This is a decision concerning the management of a district court's case docket, a decision we review under a highly deferential lens for an abuse of discretion. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("We review for abuse of discretion the district court's denial of leave to amend."); *see also Alpek Polyester, S.A. de C.V. v. Polymetrix AG*, No. 2021-1706, 2021 WL 5974163, at *8 (Fed. Cir. Dec. 16, 2021) ("We defer to the broad discretion of the district court to manage its own docket."). Because the district court did not abuse its discretion in this regard, we affirm.

In October 2013, Click-to-Call selected eight patent claims for assertion against defendants at the district court. J.A. 1258. The Board shortly thereafter partially instituted IPR on the asserted patent. J.A. 1567–68. At that time, Click-to-Call did not request to amend its listing of selected claims at the district court.

Ingenio then moved to stay the district court case the following month. J.A. 1260; J.A. 39 (D.I. 144). The district court granted the stay. *Click-to-Call Techs. LP v. Ingenio, Inc.*, Case No. A-12-CA-465-SS, 2013 WL 11311782 (W.D. Tex. Dec. 5, 2013). One rationale that the district court provided for granting the stay was that the IPR would "simplify the issues in th[e] case" because "a[ll] but one of the claims to be asserted at trial in this case" were at issue in the IPR. *Id.* at *2. Clearly, the district court did not envision adding other claims to the case following the IPR. And Click-to-Call has not, on appeal, pointed us to any

briefing or statements before the district court where it hinted at such an addition before the stay.

The case was stayed for more than six years while the Board appeals were resolved. During that time, the parties filed a number of status reports with the district court. At no time during the stay did Click-to-Call request leave to amend its asserted claims. Oral Arg. at 11:44–12:12, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1016_06092022.mp3 (noting lack of communication with the court during the stay regarding which claims were being asserted).

The Board issued its final written decision in 2014, during the stay. Even though Click-to-Call was aware of the Board's reasoning holding the asserted claims unpatentable over Dezonno since 2014, it did not request leave to amend its asserted claims until six years later, when it filed its response to Ingenio's summary judgment motion in 2020. J.A. 1720–21. And even that request was cursory, with Click-to-Call arguing "[g]ood cause exists" to allow amendment merely because "only three claims [are] at issue, Click-to-Call promptly gave notice after the IPR was final that it would pursue all three claims without timely objection from defendants, and defendants are not prejudiced." J.A. 1721. Click-to-Call provided no further justification for this request.

The district court addressed this terse request from Click-to-Call in an equally short denial, determining "Click-to-Call failed to provide good cause to amend its notice of claims selected for trial." J.A. 5. The district court also adopted the magistrate judge's recommendation, which reasoned that "[c]ourts generally refuse to reopen what has been decided previously" and recommended denying Click-to-Call's request to amend. J.A. 14. Like the district court, the magistrate judge found "Click-to-Call has not provided good cause for leave to amend nearly eight years after its original selection of claims for trial." *Id.* We

see no abuse of discretion in this decision by the district court.

Click-to-Call makes two principal arguments on appeal: (1) the parties agreed that claims 24 and 28 were in the case after the stay was lifted and (2) the district court failed to properly analyze its request for amendment under the factors enumerated in *S&W Enterprises*. Appellant's Br. 30–34. Neither argument is persuasive.

First, Click-to-Call argues that there was a "clear agreement" between it and Ingenio that claims 24 and 28 were in the case. Appellant's Br. 30. We disagree. Upon restarting the district court case, Click-to-Call expressed that "it intends to proceed with litigation of the asserted claims not affected by the Inter Partes Review proceedings: specifically, claims 24, 27, and 28." J.A. 1415. But, at that time, claims 24 and 28 were not among the "asserted claims" because Click-to-Call had not sought to amend.

Click-to-Call also points to Ingenio's response at that time that it would seek invalidity of all three claims as some sort of an admission that claims 24 and 28 were in the case. Appellant's Br. 30. But it is unsurprising that a defendant would assert invalidity of any claim a plaintiff purported to assert. This does not act as a waiver of Ingenio's right to challenge whether these claims were properly part of the case and does not prohibit the district court from denying Click-to-Call's subsequent request to amend.

Second, Click-to-Call argues the district court abused its discretion in denying Click-to-Call's proposed amendment by failing to consider the factors enumerated in *S&W Enterprises*. Appellant's Br. 31–34. But, as we described above, Click-to-Call's request to amend consisted of a two-sentence paragraph that did not even cite *S&W Enterprises*, let alone analyze the factors therein. J.A. 1721. We will not fault the district court for failing to apply a case that Click-to-Call did not even present to the district court.

And we refuse to find an abuse of discretion in the district court's short analysis, considering the minimal effort Click-to-Call put into making its argument. *Cf. Novartis AG v. Torrent Pharms. Ltd.*, 853 F.3d 1316, 1328 (Fed. Cir. 2017) (refusing to fault the lower tribunal for "arguably limited treatment" of arguments that were only tersely made). Nor will we analyze those factors de novo in the first instance, as Click-to-Call would have us do. Appellant's Br. 32–34 (analyzing the factors for the first time on appeal).

The district court did not abuse its discretion in refusing to allow Click-to-Call to amend its selection of claims for trial to add claims 24 and 28. Accordingly, we affirm that portion of the district court's decision.

## CONCLUSION

We reverse the district court's determination that Ingenio is not estopped under 35 U.S.C. § 315(e)(2) from asserting invalidity of claim 27 based on anticipation by Dezonno and its summary judgment of invalidity. We thus remand for further proceedings regarding claim 27. We affirm the district court's denial of Click-to-Call's request to amend its asserted claims to include claims 24 and 28.

**REVERSED-IN-PART, AFFIRMED-IN-PART, AND REMANDED**

## COSTS

No costs.